STATE *ex rel.* NATIONAL TRUCKING COMPANY v. J. M. LEE, State Comptroller.

191 So. 17
En Banc
Opinion Filed July 25, 1939
Rehearing Denied September 25, 1939

*Stanton Walker,* for Relator;

*George Couper Gibbs,* Attorney General, *Theo. T. Turn-
bull* and *Wm. P. Simmons, Jr.,* for Respondent.

PER CURIAM.—This case is before us for consideration
pursuant to oral argument after rehearing was granted pur-
suant to our opinion and judgment filed and entered January
22, 1938 (181 Sou. 182) to allow relators to join issue on
affirmative allegations of answer and to take testimony before
a commissioner appointed for that purpose. Having con-
sidered the record as it now appears, we find the allegations
of the answer sufficient and supported by the evidence taken.

It is contended that the Railroad Commission is not au-
thorized to fix the rates of contract carriers and that it is
not authorized to require contract carriers to submit their
contract rates to the commission for approval.

It is true that the Commission is not authorized to fix
rates for such carriers but Section 4 of Chapter 14764, Acts
of 1931, provides:

"At the time specified in said notice, or at such time as
may be fixed by the Commission, a public hearing upon said
application shall be held by the Commission. At or after
such hearing the Commission may issue a Certificate of
Public Convenience and Necessity, as prayed for, or refuse
to issue the same, or may issue the same with modifications,
or upon such terms and conditions as in its judgment the
public convenience and necessity may require; provided, that
the Commission in granting any such certificate shall take
into consideration the effect that the granting of such certifi-
cate may have upon transportation facilities within the

territory sought to be served by said applicant, and/or congestion or traffic on the highways, and/or safety of traffic moving on the highways under such operations in relationship to other private and/or public traffic permitted by law to move over the same roads or in the same territory, and also the effect upon transportation as a whole within said territory."

The language: "that the Commission in granting any such certificate shall take into consideration the effect that the granting of such certificate may have upon transportation facilities within the territory sought to be served by said applicant, and/or congestion of traffic on the highways, and/or safety of traffic moving on the highways under such operations in relationship to other private and/or public traffic permitted by law to move over the same roads or in the same territory, and also the effect upon transportation as a whole within said territory," is sufficient to authorize the Commission to require applicants to file schedule of contract rates so that the Commission may take same into consideration in determining "the effect upon transportation as a whole within the territory." And if the schedule of rates shown is such as to make the operation unfair to others engaged in transportation within the same territory, it may be ground on which the application may be denied.

As thus modified, our opinion of January 22, 1938, is controlling and on authority thereof the alternative writ of mandamus is quashed.

So ordered.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—I do not think the commission has the power to fix the rates of private contract carriers.